# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **SUSAN BIRD,** individually and behalf of all others similarly situated<br>℅ Dann Law<br>15000 Madison Avenue<br>Lakewood, OH 44107<br><br>Plaintiff(s),<br><br>v.<br><br>**DENEFITS, LLC**<br>℅ Peter Nguyen, Reg. Agent<br>1 Technology Drive<br>Building I, Suite 821<br>Irvine, CA 92618<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

1. This action arises out of the collection practices of Defendant, Denefits, LLC ("Defendant" or "Denefits") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") in addition to Tennessee state laws.

2. Pursuant to the underlying contract between Plaintiff Susan Bird ("Plaintiff" or "Bird") and Defendant, Plaintiff initially filed a demand for arbitration with the American Arbitration Association ("AAA") on or about January 16, 2025.

3. AAA declined to administer Plaintiff's claim as "Denefits, LLC failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, and/or removed themselves from the Consumer Clause Registry. . ." *See* **Exhibit 1** - AAA Feb. 13, 2025 Letter.

4. Accordingly, Plaintiff Susan Bird ("Plaintiff" or "Bird") brings this action on behalf of herself and Class of similarly situated individuals.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this District because Plaintiff resides here, and Defendant transacts business here.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Knox County, Tennessee.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein was, a California limited liability company, not licensed to do business in Tennessee, headquartered at 1 Technology Drive, Building I Suite 821, Irvine, CA 92618.

10. Defendant can be served through its registered agent Peter Nguyen, 1 Technology Drive, Building I Suite 821, Irvine, CA 92618.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

12. On or about March 10, 2023, Susan Bird entered into a financing agreement with Denefits, LLC to pay for medical treatment provided by Scenic City Neurotherapy. The total amount financed was $2,403.00, to be paid in twelve monthly installments of $206.26, following

2

an initial down payment of $267.00.

13. Beginning on or around October 2023, Plaintiff became unable to continue payments due to financial hardship. In response, Defendant began an aggressive campaign of repeated phone calls and text messages to Plaintiff's cellular phone (423-XXX-0659). Defendant initiated repeated and unsolicited communications to Plaintiff via text messages and phone calls, despite no specific requirement for such communications outlined in the Agreement.

14. At no time did Plaintiff directly provide Defendant with her permission to call or text her using an automatic telephone dialing system or pre-recorded messages.

15. Between October 2023 and September 2024, Plaintiff estimates receiving over 60 text messages and 25 phone calls from Defendant. These communications occurred multiple times daily, often at inconvenient times, and contained harassing language, including threats to overdraw Plaintiff's bank account and report her to credit bureaus.

16. On or about September 2024, Plaintiff explicitly revoked consent to be contacted by Defendant via text message or phone call. This revocation was communicated in writing through text messages sent to Defendant and was clear and unequivocal. As consequence, whatever consent Defendant had, if any, was effectively revoked pursuant to Plaintiff's instructions.

17. Despite the clear and unequivocal revocation of consent, Defendant continued to bombard Plaintiff with an excessive number of texts and phone calls disregarding her explicit request to cease all communication except through post mail. Defendant's conduct escalated in tone and intensity, with messages becoming increasingly harassing, intimidating, and emotionally distressing.

18. On or about September 20, 2024, Defendant instructed Plaintiff to submit her

revocation of consent via email to "billing@denefits.com" and via post mail to their legal department. Plaintiff complied with these instructions; however, Defendant continued to send communications before ultimately ceasing contact.

19. The telephone number Defendant called was assigned to a cell phone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

20. Each automated call placed by Defendant to Plaintiff's cell phone was made using an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by 47 U.S.C. § 227 (b)(1)(A).

21. Each automated call placed by Defendant to Plaintiff's cell phone constituted a call that was not for "emergency purposes" as defined by 47 U.S.C. § 227 (b)(1)(A).

22. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cell phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

24. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are

4

unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion, *Id*. at §12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§ 12-13. See also, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S.Ct. 740, 744 (2011). Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), **47 U.S.C. § 227**, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

25. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

26. Defendant placing calls to Plaintiff's cellular telephone after having been told to stop constitutes willful and knowing violations of the TCPA.

27. The repeated and harassing nature of these communications caused Plaintiff significant emotional distress and inconvenience, disrupting her personal life and daily activities. Plaintiff's attempts to reiterate her revocation of consent were ignored by Defendant.

28. Defendant's actions demonstrate a willful and knowing disregard for Plaintiff's revocation of consent and a blatant violation of her rights under the Telephone Consumer Protection Act ("TCPA"). Defendant's failure to cease communications upon receiving notice of revocation constitutes harassment and an invasion of Plaintiff's privacy.

29. Defendant's conduct not only caused Plaintiff significant emotional distress but also constitutes a breach of statutory and contractual obligations.

30. Plaintiff and the Class were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's text messages temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted text messages. The text messages were annoying and a nuisance, and wasted the time of Plaintiff and the class members. See, e.g., *Mims*, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

31. Upon information and good faith belief, Defendant, as a matter of pattern and practice, use an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

32. **The Class**. Plaintiff brings this action under Fed. R. Civ. P. 23(b)(1) and (b)(3), on behalf of similarly situated individuals and entitles (the "Class") defined as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice collection call of text message, from four (4) years prior to the filing of the Complaint.

33. **The Tennessee Subclass**. Plaintiff additionally seeks to represent a subclass defined as follows:

Plaintiff and all persons within Tennessee to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice collection call, from four (4) years prior to the filing of the Complaint through the date of Certification. ("Tennessee Class")

34. Excluded from the Class and Subclass are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

35. **Numerosity.** The Members of the Class and Subclass for whose benefit this action is brought are so numerous that joinder of all members is impractical as the Class and Subclass are estimated to consist of hundreds, if not thousands, of individuals. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its calls or sent its text messages;
   b. The telephone numbers to which Defendant placed its calls or sent its text messages;
   c. The telephone numbers for which Defendant had prior express written consent;
   d. The telephone numbers for which the owner revoked prior express written consent;
   e. The purposes of such call or text messages; and
   f. The names and addresses of Class members.

Using this information, Class and Subclass members can be identified and ascertained for the purpose of providing notice and ultimate relief.

36. **Commonality and Predominance**. This action involves common questions of law and fact that predominate over any questions affecting individual Class and Subclass members. These common questions are appropriate for class certification because the resolution thereof

7

would substantially advance the disposition of this matter and each party's interests herein. These common questions include:

   a. Whether Defendant (or someone acting on its behalf) sends prerecorded collection text messages;

   b. Whether Defendant (or someone acting on its behalf) places collection telephone calls using an artificial or prerecorded voice;

   c. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

   d. Whether Defendant's statutory violations were willful and knowing;

   e. Whether the persistent and repeated telephone calls are an intrusion upon the solitude and/or seclusion of the Tennessee Class members' private affairs;

   f. Whether Defendant should be enjoined from engaging in such conduct in the future;

   g. Whether Plaintiff, Class members and Subclass members were injured and suffered damages or other losses because of Defendant's actions described herein; and

   h. Whether Plaintiff, Class, and Subclass members are entitled to damages, and the measure and amount of those damages.

37.   **Typicality**. Each of the Plaintiff's claims are typical of those of other Class and Subclass members. Plaintiff is a member of the Class in that Defendant sent two or more texts or placed calls utilizing an artificial or prerecorded voice without her prior express written consent, or after such consent was revoked for collection purposes, in a four-year period to her telephone number, without his prior express written consent. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims. Plaintiff and all putative Members of the Class have also

necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

38. **Adequacy**. Plaintiff is an adequate representative because she is a member of the Class and Subclass she seeks to represent, is committed to pursuing this matter against Defendant to obtain relief for the Class, and has no conflicts of interest with the Class. Moreover, Plaintiff's attorneys are competent and experienced in litigating class actions such as this one. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect Class members' interests.

39. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to an individual plaintiff may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the Class are relatively modest compared to the burden and expense required to individually litigate their claims against Defendant, and thus, individual litigation to redress Defendant's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury. *U.S. Const. amend. 7; Fed.R.Civ.P. 38.*

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 (b)(3)(B)
### (On Behalf of Plaintiff and the TCPA Class)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

43. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 (b)(3)(B)
### (On Behalf of Plaintiff and the TCPA Class)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff and TCPA Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INTRUSION UPON SECLUSION
### (On Behalf of Plaintiff and the Tennessee Class)

47. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

48. The persistent and repeated telephone calls/messages have amounted to the level of abusive and/or harassing.

49. The persistent and repeated telephone calls/messages are an intrusion upon the solitude and/or seclusion of Plaintiff and private affairs.

50. The Defendant's conduct is at minimum reckless, if not willful.

51. The persistent and repeated telephone calls/messages are, or would be, highly offensive to a reasonable person.

52. Plaintiff and the Tennessee Class have suffered and continue to suffer actual damages, including without limitation, out-of-pocket expenses, annoyance, aggravation, inconvenience, humiliation, embarrassment, and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Susan Bird, individually and on behalf of the Class, demands judgment as follows:

A. An order certifying the Class and/or Subclass pursuant to Civ.R. 23(b)(3) as defined above, appointing Plaintiff as the representatives of the Class and Subclass and appointing

Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. For an entry of judgment in favor of the Plaintiff and members of the Class and/or Subclass against Defendant for damages to be proven at trial, including all actual damages as to the allegations in Counts One, Two and/or Three; statutory damages as to the allegations in Count One, treble damages as the allegations in Count Two, and/or punitive damages as to the allegations in Count Three in accordance with all applicable law;

E. For an entry of judgment in favor of the Plaintiff and members of the Class and/or Subclass against Defendant for reasonable attorneys' fees and costs;

F. For an entry of judgment in favor of Plaintiff and members of the Class and/or Subclass for pre-judgment interest on all damages, as applicable; and

G. For such other and further relief that the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable of right. Respectfully submitted on this 24th day of March, 2025.

> */s/ Brian D. Flick*
> Brian D. Flick (OH #0081605)
> DannLaw
> 15000 Madison Avenue
> Lakewood, OH 44107
> (216) 373-0539
> (216) 373-0536 e-fax
> notices@dannlaw.com

Brent Snyder (TN Bar #021700)
*Of Counsel*
DannLaw
2125 Middlebrook Pike
Knoxville TN 37921
(865) 264-3328
bsnyder@dannlaw.com

*Attorneys for Plaintiff and the Putative Class*

13

14